IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:08CV533-T-01
(1:05CR30-T)

| | |
|---|---|
| ERICK LAQUIN LEE,  )<br>)<br>Petitioner,  )<br>)<br>vs.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Respondent.  )<br>) | **ORDER OF DISMISSAL** |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed November 24, 2008. No response is necessary from the Government.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's motion to vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

## I. PROCEDURAL HISTORY

A review of the record reflects that on June 20, 2005, Petitioner pled guilty to Counts One and Three of the indictment charging him with possession with intent to distribute at least 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), and use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). **Rule 11 Inquiry and Order of Acceptance of Plea, filed June 20, 2005.** On December 9, 2005, this Court sentenced Defendant to 60 months imprisonment on Count One and a consecutive sentence of 60 months imprisonment on Count Three, for a total of 120 months imprisonment. **Judgment in a Criminal Case, filed December 30, 2005.** Petitioner did not file a direct appeal of his sentence or conviction.

On November 24, 2008, Petitioner filed this motion to vacate, almost three years after Judgment was entered in his case. The Court has not

issued Petitioner a notice pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002),[1] because he argues that his motion is timely filed pursuant to 28 U.S.C. § 2255(f)(3).  **Motion to Vacate, at 12 ("[Section] 2255(f)(3) allows movant to circumvent the one year statute of limitations when the right asserted was initially recognized by the Supreme Court.").**

## II. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), which, *inter alia*, amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate.  Such amendment provides:

---

[1] In *Hill*, the Fourth Circuit concluded that "when a federal habeas court, prior to trial, perceives a *pro se* § 2254 petition to be untimely and the state has not yet filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal . . . absent a sufficient explanation[.]" **Hill, 277 F.3d at 707.**  The Fourth Circuit premised this on the fact that a *pro se* petitioner is unlikely "to preempt an anticipated statute of limitations defense by including facts to show that the petition is timely."  *Id.*  Typically, this Court issues *Hill* notices in § 2255 cases as well.  **See United States v. Sosa, 364 F.3d 507 (4th Cir. 2004).**  However, in this case, Petitioner, unlike the petitioner in *Hill*, addressed the issue of the timeliness of his petition.  Accordingly, given the fact that at the time he filed his § 2255, Petitioner knew of AEDPA's limitation period and argued at length that his motion should be considered timely filed, this Court concludes that it need not provide Petitioner with any additional opportunity to address this issue.

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. § 2255.**

Here, Petitioner was sentenced on December 9, 2005, and judgment was entered on December 30, 2005. Petitioner did not file a notice of appeal. Consequently, his conviction became final on January 17, 2006. **Fed. R. App. P. 4(b)(1)(A).** Therefore, Petitioner had through and including January 17, 2007, to file his § 2255 motion. Petitioner did not file such motion until November 24, 2008 – almost two years after the expiration of the limitations period.

By way of explanation for the untimely motion, Petitioner argues that he filed his § 2255 motion pursuant to the new Supreme Court rule

announced on December 10, 2007, in the case of *Watson v. United States*, 128 S. Ct 738 (2007), and therefore, the AEDPA one year limitations period expires one year from the date when the rule was announced.

In *Watson*, the Supreme Court held that a person who receives a firearm in trade for drugs does not "use" that firearm pursuant to 18 U.S.C. § 924(c)(1)(A). *Watson* clarified the proper meaning of 18 U.S.C. § 924(c)(1)(A), it did not announce any new rule of constitutional law. Moreover, even if *Watson* did create a new constitutional rule, the Supreme Court has not yet made that rule retroactive to cases on collateral review. **See *Blackstock v. United States*, 2008 WL 4167811 (E.D. Va. 2008)**. The Supreme Court has held that the one year limitations period in § 2255(f)(3) is limited to cases in which applicants are seeking to assert rights "'newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" ***United States v. Dodd*, 545 U.S. 353, 358 (2005) (quoting § 2255).** The Court further explained that § 2255(f)(3) does not apply at all if the conditions in the second clause - "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" - have not been satisfied. In other words, a federal prisoner may take advantage of the date in the first clause

of § 2255(3) only if the conditions in the second clause are met. *Id.* The Supreme Court has not made the new rule stated in *Watson* retroactive to cases pending on collateral review. Therefore, Petitioner has not satisfied the conditions stated in 28 U.S.C. § 2255(f)(3).

For the foregoing reasons, this Court concludes that Petitioner's November 24, 2008, motion to vacate is untimely and must be dismissed.

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE** as time-barred.

Signed: December 4, 2008

Lacy H. Thornburg
United States District Judge