# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:05-cr-00030-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| ERICK LAQUIN LEE. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduction of Sentence Pursuant to <u>United States v. Simmons</u> [Doc. 36].

## I.  BACKGROUND

On June 20, 2005, the Defendant pled guilty to one count of possession with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One), and one count of use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three).  On December 9, 2005, the Defendant was sentenced to 60 months' imprisonment on Count One and a consecutive sentence of 60 months' imprisonment on Count Three, for a total of 120 months' imprisonment.  [Doc. 29].  The Defendant did not file a direct appeal of his sentence or conviction.

On November 24, 2008, the Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. [Civil Case No. 1:08-cv-00533-LHT, Doc. 1]. The Court concluded that Defendant's motion was untimely and dismissed the motion. [Id., Doc. 2].

On May 3, 2012, the Defendant filed the present motion challenging his criminal judgment under the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*). [Doc. 36]. In his motion, the Defendant also requests the appointment of counsel. [Id.].

## II.    DISCUSSION

The relief that the Defendant is seeking in his present motion is identical to the relief he could obtain through a successful proceeding brought pursuant to 28 U.S.C. § 2255, and the Court will therefore treat his motion as a successive Section 2255 Motion. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application").

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain —

2

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The present motion is attacking the same criminal judgment which the Defendant challenged through his first Section 2255 motion. The Defendant has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion; therefore this Court is without jurisdiction to consider the merits of the present Section 2255 motion, and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)

(holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduction of Sentence Pursuant to <u>United States v. Simmons</u> [Doc. 36] is **DISMISSED** as a successive Section 2255 Motion.

**IT IS FURTHER ORDERED** that the Defendant's request for the appointment of counsel [Doc. 36] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**    Signed: June 10, 2013

Martin Reidinger
United States District Judge